NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOAN LEONARD CATA-FROMETA, | No.   20-72699 |
| Petitioner, | Agency No. A201-564-088 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2021**
Phoenix, Arizona

Before:  GILMAN,*** CALLAHAN, and BRESS, Circuit Judges.

Yoan Leonard Cata-Frometa, a Cuban citizen, petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Judge (IJ) order denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Adverse credibility determinations are reviewed under the same standard. *See id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the IJ's finding that Cata-Frometa was not credible. "[A]n adverse credibility determination must be made after considering 'the totality of circumstances, and all relevant factors.'" *Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). In assessing Cata-Frometa's credibility, the IJ could thus consider the consistency between Cata-Frometa's testimony and "other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii).

Here, Cata-Frometa's asylum application did not cite any physical injuries. But Cata-Frometa testified that in October 2015, he was detained for five days, beaten, and assaulted. This incident was not mentioned in Cata-Frometa's asylum application. Similarly, although Cata-Frometa noted in his asylum application an incident that took place in February 2019, he testified to being physically harmed on that occasion, despite his asylum application not mentioning this physical harm. "Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 973–74

(9th Cir. 2011) (denying petition for review because the petitioner's "supplemental declaration and his testimony before the IJ t[old] a much different—and more compelling—story of persecution that his initial application and testimony before the asylum officer"). In addition, when pressed, Cata-Frometa gave varying explanations for the identified inconsistencies. These explanations, which the IJ reasonably regarded as "evasive," lend further support to the IJ's adverse credibility determination.

2. Substantial evidence further supported the denial of asylum and withholding of removal. To qualify for asylum, Cata-Frometa must show either that he (1) suffered past persecution (which creates a rebuttable presumption of eligibility); or (2) has a well-founded fear of future persecution in Cuba on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Without credible testimony, Cata-Frometa failed to show past persecution or a well-founded fear of future persecution. The only other evidence that Cata-Frometa offered to support his claim was an Amnesty International report about Cuba, news articles, and a letter attesting to his activism and his receipt of vague threats of imprisonment. But these materials do not compel the conclusion that (1) Cata-Frometa has an individualized risk of persecution; or (2) "there is a systematic pattern or practice of persecution against the group to which he belongs in his home

country." *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (quotation marks and citation omitted).

Because Cata-Frometa "fail[ed] to satisfy the lower standard of proof required to establish eligibility for asylum," he "necessarily . . . fail[ed] to demonstrate eligibility for withholding of deportation." *Guo v. Sessions*, 897 F.3d 1208, 1213 n.3 (9th Cir. 2018) (citation omitted).

3.      Substantial evidence also supports the agency's decision to deny CAT relief.  Cata-Frometa was required to prove that government officials or private actors with government consent or acquiescence would "more likely than not" torture him if he returns to Cuba.  *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (citation omitted).  "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048.  But when "the CAT [claim] is based on the same statements [the petitioner] made regarding his claims for asylum and withholding of removal . . . ., it [is] proper for the IJ and the BIA to rely on the same adverse credibility determination in denying all of his claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021).

That is the case here.  Besides his non-credible testimony, Cata-Frometa points only to the same evidence that failed to show a well-founded fear of future persecution.  Because torture "is more severe than persecution," *Nuru v. Gonzales*,

404 F.3d 1207, 1224 (9th Cir. 2005), Cata-Frometa has not shown that the record compels the conclusion that he is entitled to CAT relief.[1]

**PETITION DENIED.**

---

[1] Cata-Frometa's motion for stay of removal pending appeal, Dkt. No. 3, is denied as moot.